## OFFICER'S RETURN

STATE OF CONNECTICUT

        ss:   Wethersfield, February 14, 2018

COUNTY OF HARTFORD

    Then and there by virtue hereof, I served the within named non-resident defendant, by leaving with the Commissioner of Motor Vehicles of the State of Connecticut, Agent for Service for said non-resident defendant, **JANINE ROCHELEAU** a true and attested copy of the original Writ, Summons and Complaint with my endorsement thereon and paid the legal fee of $20.00, pursuant to Section 52-62 of the C.G.S.

ATTEST:

ROBERT S. MILLER
STATE MARSHAL
NEW HAVEN COUNTY

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 235 Church Street, New Haven 06510 | (203) 503-6800 | March 20, 2018 |

| [X] Judicial District  [ ] Housing Session | [ ] G.A. Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) New Haven | Case type code *(See list on page 2)* Major: V  Minor: 01 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Louis Rubano, Lynch, Traub, Keefe & Errante, 52 Trumbull Street, New Haven 06510 | 034876 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| (203) 787-0275 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [X] Yes  [ ] No

Email address for delivery of papers under Section 10-13 *(if agreed to)*: LRUBANO@LTKE.COM

Number of Plaintiffs: 2   Number of Defendants: 3   [ ] Form JD-CV-2 attached for additional parties

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: Riccio, James  Address: 78 Wood Chase Lane, North Branford, CT | P-01 |
| Additional Plaintiff | Name: Riccio, Madeline  Address: 78 Wood Chase Lane, North Branford, CT | P-02 |
| First Defendant | Name: Conway, Ashley  Address: 205 Hazel Street, New Haven, CT 06511 | D-01 |
| Additional Defendant | Name: Rocheleau, Janine  Address: 21 Park Place, 17F, Hartford, CT 06106 | D-02 |
| Additional Defendant | Name: National General Insurance Company d/b/a Integon National Insurance Company  Address: c/o Agent for Service: Insurance Comm. Katharine Wade, 153 Market Street, Hartford, CT 06103 | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left  Louis Rubano | Date signed  02/01/2018 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | Docket Number |

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: MARCH 20, 2018 | : | SUPERIOR COURT |
| JAMES RICCIO and MADELINE RICCO | : | JUDICIAL DISTRICT OF NEW HAVEN |
| V. | : | AT NEW HAVEN |
| JANINE ROCHELEAU, ASHLEY CONWAY and NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY | : | JANUARY 30, 2018 |

## COMPLAINT

### COUNT ONE – ON BEHALF OF JAMES RICCIO AS TO JANINE ROCHELEAU FOR NEGLIGENCE

1. On or about February 5, 2016 at approximately 4:21 p.m., the plaintiff, **JAMES RICCIO**, was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

2. At the same time and place, the defendant, **JANINE ROCHELEAU**, was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

3. At the same time and place, while at lawful stop, the vehicle operated by the plaintiff, **JAMES RICCIO**, was suddenly and without warning, struck from behind by the motor vehicle operated by the defendant, causing a collision between the two vehicles.

4. The aforesaid collision was caused by the negligence of the defendant, **JANINE ROCHELEAU**, in one or more of the following ways:

   a. In that she failed to keep her vehicle under proper and reasonable control;

b.  In that she failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where she was heading;

c.  In that she failed to apply her brakes in time or in a sufficient fashion so as to avoid the collision;

d.  In that she failed to sound her horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

e.  In that she failed to turn her vehicle in order to avoid the collision;

f.  In that she failed to otherwise use proper precautions or measures to avoid the collision;

g.  In that she failed to remain awake and alert during her operation of said vehicle;

h.  In that she operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

i.  In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

j.  In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240;

k.  In that she failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common law.

5. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **JAMES RICCIO**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

a.  Injury to the cervical spine;

b.  Radiculopathy into the right upper extremity;

c.  Associated physical pain and suffering.

-2-

6. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **JAMES RICCIO**, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that he was and remains injured.

7. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **JAMES RICCIO**, has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused him and will continue to cause him loss and damage.

8. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **JAMES RICCIO**, was unable to perform the duties of his occupation as he had prior to the above collision, which caused him financial loss and damage.

9. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **JAMES RICCIO**, has suffered and will continue to suffer a decrease in his capacity to engage in and life's activities as he was able to do prior to the motor vehicle accident.

## COUNT TWO -- ON BEHALF OF JAMES RICCIO
## AS TO ASHLEY CONWAY FOR VICARIOUS LIABILITY

1-9. Paragraphs 1-9 of COUNT ONE are hereby incorporated and made paragraphs 1-9 of COUNT TWO as if more fully set forth herein.

10. At all relevant times hereto, the defendant, **JANINE ROCHELEAU**, was operating a motor vehicle owned by the defendant, **ASHLEY CONWAY**, with her full permission and consent.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06505-1612
(203) 787-0275 - JURIS NO. 34876

11. At all relevant times hereto, the defendant, **ASHLEY CONWAY**, is vicariously liable to the plaintiff for the aforesaid negligence of the defendant, **JANINE ROCHELEAU**.

### COUNT THREE – ON BEHALF MADELINE RICCO AS TO JANINE ROCHELEAU FOR NEGLIGENCE

1. On or about February 5, 2016 at approximately 4:21 p.m., **JAMES RICCIO**, was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

2. At all relevant times hereto, the plaintiff, **MADELINE RICCO**, was a front passenger in the motor vehicle operated by **JAMES RICCIO**.

3. At the same time and place, the defendant, **JANINE ROCHELEAU**, was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

4. At the same time and place, while at lawful stop, the vehicle operated by the plaintiff, **JAMES RICCIO**, was suddenly and without warning, struck from behind by the motor vehicle operated by the defendant, causing a collision between the two vehicles.

5. The aforesaid collision was caused by the negligence of the defendant, **JANINE ROCHELEAU**, in one or more of the following ways:

   a. In that she failed to keep her vehicle under proper and reasonable control;

   b. In that she failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where she was heading;

   c. In that she failed to apply her brakes in time or in a sufficient fashion so as to avoid the collision;

-4-

d. In that she failed to sound her horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

e. In that she failed to turn her vehicle in order to avoid the collision;

f. In that she failed to otherwise use proper precautions or measures to avoid the collision;

g. In that she failed to remain awake and alert during her operation of said vehicle;

h. In that she operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

i. In that she failed to operate her motor vehicle as nearly as practicable entirely within a single lane of travel and moved her vehicle from such lane when such movement could not be made with safety in violation of the common law;

j. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

k. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240;

l. In that she failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common law.

6. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **MADELINE RICCO**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

a. Injury to the thoracic spine;

b. Injury to the lumbar spine;

c. Left sided rib pain;

d. Left lower extremity radicular symptoms;

e. Associated physical pain and suffering.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

7. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **MADELINE RICCO,** has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that she was and remains injured.

8. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **MADELINE RICCO,** has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused her and will continue to cause her loss and damage.

9. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **MADELINE RICCO,** was unable to perform the duties of her occupation as she had prior to the above collision, which caused her financial loss and damage.

10. As a direct and proximate result of the aforesaid negligence of the defendant, the plaintiff, **MADELINE RICCO,** has suffered and will continue to suffer a decrease in her capacity to engage in and life's activities as she was able to do prior to the motor vehicle accident.

-6-

### COUNT FOUR – ON BEHALF MADELINE RICCO
### AS TO ASHLEY CONWAY FOR VICARIOUS LIABILITY

1-10. Paragraphs 1-10 of COUNT THREE are hereby incorporated and made paragraphs 1-10 of COUNT FOUR as if more fully set forth herein.

11. At all relevant times hereto, the defendant, **JANINE ROCHELEAU**, was operating a motor vehicle owned by the defendant, **ASHLEY CONWAY**, with her full permission and consent.

12. At all relevant times hereto, the defendant, **ASHLEY CONWAY**, is vicariously liable to the plaintiff for the aforesaid negligence of the defendant, **JANINE ROCHELEAU**.

### COUNT FIVE – ON BEHALF OF JAMES RICCIO
### AS TO NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY FOR UNINSURED/UNDEINSURED MOTORIST COVERAGE

1. On or about February 5, 2016 at approximately 4:21 p.m., the plaintiff, **JAMES RICCIO**, was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

2. At the same time and place, **JANINE ROCHELEAU** was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.

3. At the same time and place, while at lawful stop, the vehicle operated by the plaintiff, **JAMES RICCIO**, was suddenly and without warning, struck from behind by the motor vehicle operated by **JANINE ROCHELEAU**, causing a collision between the two vehicles.

4. The aforesaid collision was caused by the negligence of the **JANINE ROCHELEAU** in one or more of the following ways:

a. In that she failed to keep her vehicle under proper and reasonable control;

b. In that she failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where she was heading;

c. In that she failed to apply her brakes in time or in a sufficient fashion so as to avoid the collision;

d. In that she failed to sound her horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

e. In that she failed to turn her vehicle in order to avoid the collision;

f. In that she failed to otherwise use proper precautions or measures to avoid the collision;

g. In that she failed to remain awake and alert during her operation of said vehicle;

h. In that she operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

i. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

j. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240;

k. In that she failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common law.

5. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **JAMES RICCIO**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

a. Injury to the cervical spine;

b. Radiculopathy into the right upper extremity;

c. Associated physical pain and suffering.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

-8-

6. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **JAMES RICCIO**, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that he was and remains injured.

7. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **JAMES RICCIO**, has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused him and will continue to cause him loss and damage.

8. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **JAMES RICCIO**, was unable to perform the duties of his occupation as he had prior to the above collision, which caused him financial loss and damage.

9. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **JAMES RICCIO**, has suffered and will continue to suffer a decrease in his capacity to engage in and life's activities as he was able to do prior to the motor vehicle accident.

10. The defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY**, is an insurance company authorized to do business in the state of Connecticut. In 2016, it was in the business of entering into automobile insurance contracts with persons who owned and/or operated motor vehicles.

11. At all relevant times hereto, the plaintiff, **JAMES RICCIO**, had an insurance policy with the defendant in which all the insurance premiums were paid in full and the policy was in full force and effect as of the date of the plaintiff's injury which included uninsured/underinsured motorist

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

coverage.

12. At all relevant times hereto, the primary tortfeasor was either uninsured or did not have sufficient coverage to fully compensate the plaintiff for his injuries.

13. At all relevant times hereto, the plaintiff, **JAMES RICCIO**, was an insured under said policy with the defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY.**

14. At all relevant times hereto, the defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY**, is required to make payment to the plaintiff pursuant to Connecticut General Statutes Section 38a-336.

### COUNT SIX – ON BEHALF OF MADELINE RICCO AS TO NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY FOR UNINSURED/UNDERINSURED MOTORIST COVERAGE

1. On or about February 5, 2016 at approximately 4:21 p.m., **JAMES RICCIO** was operating a motor vehicle southbound on State Street at its intersection with Grove Street, in New Haven, Connecticut.

2. At all relevant times hereto, the plaintiff, **MADELINE RICCO**, was a front passenger in the motor vehicle operated by **JAMES RICCIO**.

3. At the same time and place, **JANINE ROCHELEAU** was operating a motor vehicle southbound on State Street, at its intersection with Grove Street, in New Haven, Connecticut.
LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

4. At the same time and place, while at lawful stop, the vehicle operated by **JAMES RICCIO** was suddenly and without warning, struck from behind by the motor vehicle operated by **JANINE ROCHELEAU**, causing a collision between the two vehicles.

5. The aforesaid collision was caused by the negligence of the **JANINE ROCHELEAU** in one or more of the following ways:

   a. In that she failed to keep her vehicle under proper and reasonable control;

   b. In that she failed to maintain a proper look out for other vehicles or conditions on the highway or to pay attention to where she was heading;

   c. In that she failed to apply her brakes in time or in a sufficient fashion so as to avoid the collision;

   d. In that she failed to sound her horn or to make any attempt whatsoever to give the plaintiff a timely warning of the impending collision;

   e. In that she failed to turn her vehicle in order to avoid the collision;

   f. In that she failed to otherwise use proper precautions or measures to avoid the collision;

   g. In that she failed to remain awake and alert during her operation of said vehicle;

   h. In that she operated her motor vehicle at a rate of speed greater than what was reasonable in light of the width, traffic and use of the highway in violation of the common law;

   i. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of the common law;

   j. In that she followed the rear of the motor vehicle operated by the plaintiff too closely such that she could not avoid the collision in violation of Connecticut General Statutes Section 14-240;

   k. In that she disregarded a red traffic control signal controlling the direction she was traveling in, in violation of the common law;

   l. In that she failed to grant the right of way to the motor vehicle operated by the plaintiff in violation of the common law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

6. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **MADELINE RICCO**, suffered the following painful and serious personal injuries, some or all of which may be permanent in nature:

   a. Injury to the thoracic spine;

   b. Injury to the lumbar spine;

   c. Left sided rib pain;

   d. Left lower extremity radicular symptoms;

   e. Associated physical pain and suffering.

7. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **MADELINE RICCO**, has suffered and continues to suffer mental anguish, frustration and anxiety over the fact that she was and remains injured.

8. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **MADELINE RICCO**, has incurred and will continue to incur in the future, expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused her and will continue to cause her loss and damage.

9. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **MADELINE RICCO**, was unable to perform the duties of her occupation as she had prior to the above collision, which caused her financial loss and damage.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

10. As a direct and proximate result of the aforesaid negligence of **JANINE ROCHELEAU**, the plaintiff, **MADELINE RICCO**, has suffered and will continue to suffer a decrease in her capacity to engage in and life's activities as she was able to do prior to the motor vehicle accident.

15. The defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY**, is an insurance company authorized to do business in the state of Connecticut. In 2016, it was in the business of entering into automobile insurance contracts with persons who owned and/or operated motor vehicles.

16. At all relevant times hereto, the plaintiff, **MADELINE RICCO**, had an insurance policy with the defendant in which all the insurance premiums were paid in full and the policy was in full force and effect as of the date of the plaintiff's injury which included uninsured/underinsured motorist coverage.

17. At all relevant times hereto, the primary tortfeasor was either uninsured or did not have sufficient coverage to fully compensate the plaintiff for her injuries.

18. At all relevant times hereto, the plaintiff, **MADELINE RICCO**, was an insured under said policy with the defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY**.

19. At all relevant times hereto, the defendant, **NATIONAL GENERAL INSURANCE COMPANY D/B/A INTEGON NATIONAL INSURANCE COMPANY**, is required to make payment to the plaintiff pursuant to Connecticut General Statutes Section 38a-336.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

WHEREFORE, the plaintiffs claim:

1. Compensatory damages;

2. Such other and further relief as law and equity may provide.

THE PLAINTIFFS,

_____
LOUIS M. RUBANO, ESQ.
JURIS: 034876
LYNCH, TRAUB, KEEFE & ERRANTE, P.C.
52 TRUMBULL STREET, POB 1612
NEW HAVEN, CT 06510
JURIS: 034876
TEL. (203) 787 0275
FAX: (203) 782 0278

The plaintiffs claim compensatory damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS exclusive of interest and costs.

